UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TIMOTHY B. NADEAU, | ) |
| --- | --- |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 2:10-CV-249-DBH |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDATION TO DISMISS CLAIMS AGAINST SOME DEFENDANTS**

Timothy Nadeau is unhappy with the manner that employees at the Maine Correctional Center responded to a pre-existing back condition after his February 11, 2010, incarceration. According to Nadeau, upon his admission to the facility he informed a member of the Correctional Medical Services staff about his history of back surgeries dating to 1998 and informed them of his chronic back pain. Subsequently, Nadeau was given a mattress and forced to sleep on the floor due to overcrowding at the facility. After about two weeks Nadeau was seen by a physician's assistant and placed on a bottom bunk restriction with some medication for his pain. Nadeau then describes an incident where he became incapacitated by pain and was forcibly moved from the proximity of a dining table in A Pod to his cell by "Nurse Debbie," Ellen, and Corrections Officer Eric. He maintains that these three individuals inflicted great pain on him by pulling him onto a mattress. Nadeau claims his Eighth Amendment right to be free from cruel and unusual punishment was violated by this series of events.

When Nadeau initially filed his complaint he named as the only two defendants the Maine Department of Corrections and "CMS Medical Staff." In an amended complaint Nadeau added no new factual allegations, but names fifteen defendants and explains their employment

capacity, whether employed by Correctional Medical Services or the Maine Department of Corrections.  Previously I screened these pleadings pursuant to 28 U.S.C. ¶ 1915A regarding whether this complaint, with the amendment, can survive the initial screening process.  I determined that when the original complaint and the amended complaint are read in conjunction with each other, there is arguably a claim stated against Debbie Smith, Ellen Foster, and Eric Thompson alleging cruel and unusual punishment in connection with the incident involving the forcible removal of Nadeau from the floor onto his mattress and that perhaps there was a claim against Commissioner of Corrections Magnusson for knowingly allowing overcrowded conditions and depriving inmates of adequate shelter and medical services. As for the other eleven defendants, I could not identify factual allegations remotely relevant to a constitutional claim.  I authorized service on Smith, Foster, Thompson, and Magnusson and indicated that I would recommend summary dismissal of the other named parties for failure to state an actionable claim against these defendants.

There has now been an answer filed by Debbie Smith and Ellen Foster, who are represented by one attorney, and an answer filed by Eric Thompson and Commissioner Magnusson, who are represented by an assistant attorney general.  On October 13, 2010, I entered a scheduling order.

Nadeau has not filed anything in response to my August 11, 2010, order and I now recommend that the Court dismiss the claims against Larry Doe, Dr. Dan, Shawn Emerson, John Doe, Brian Esby, Scott Burnheimer, Rose Burns, Ken Topal, Kathy Chase, Jeffrey Merrill, and Garry Laplaint; as I indicated in my earlier order, his complaint, as amended, fails to state a claim of a constitutional violation by these defendants.  See 28 U.S.C. § 1915A(b)(1).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


October 18, 2010                           /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge